FILED
IN CLERKS OFFICE
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
2019 FEB -4 ON PM 1: 27

| | |
|---|---|
| Eric Valentin<br>Petitioner, | U.S. DISTRICT COURT Civil #18-cv-12439-RWZ.<br>DISTRICT OF MASS. |
| | ) Criminal #18-cr-10041-RWZ. |
| v. | ) Honorable: Rya W. Zobel, USDJ. |
| United States of America<br>(AUSA'S: John A. Wortmann, Jr.,<br>& Philip A. Mallard)<br>Respondents. | ) January 28ᵗʰ, 2019. |

PETITIONER: VALENTIN'S REPLY MOTION IN OPPOSITION TO RESPONDENTS
RESPONSE DATED: DECEMBER 20, 2019, & RESPONDENTS 2d RESPONSE
DATED: DECEMBER 22, 2019 USING VALENTIN'S VERY OWN AFFIDAVIT
IN SUPPORT

---

Affidavit of Petitioner: Valentin, via: Fed.R.Civ.P. Rule 56(f)
states the following:

[1]                    **Procedural background**

On February 15, 2018, a federal grand jury sitting in Boston

returned an indictment charging Valentin & two of his co-defendants

with: 1. conspiracy to deal in firearms without a license (18 U.S.C.
§371; and
2. dealing in firearms without a license (18 U.S.C.§922(a)(1)(A)).

Please note that the Respondents had a opportunity to indict Valentin

for using a firearm in furtherance of a drug deal & or 18 U.S.C.

§924(c) and in furtherance of violence 18 U.S.C.§16(b) and did

not.  However, the Government unlawfully constructively amended

Valentin's indictment using the 18 U.S.C. §924(c) & 18 U.S.C.§16(b)

residual clauses even-though-- Valentin was not indicted for it,

Additionally please note that the Respondents had within 14 days

to hand over all exculpatory & impeachment material evidence over

to Valentin within the meaning of Brady, Giles & Giglio as required

by The United States District Court Local Rules Local Rule 116.1(A)(5)-

1990, & 42(a)(5) 1986, and intentionally failed to do so. In-fact the Government/Respondents admitted to this reversible legal error. See Government's/Respondent's Response dated: December 20th, 2018,

[2]* @page 3 ¶2, states in relevant part that:

"Shortly after the (Valentin) Rule 11 hearing, the United States (Government/Respondents) provided a discovery memorandum that included all of the information required under the **Local Rules at 28 days after indictment.**"

[3] * See also page 15, ¶ 2, states:

"Finally, although the government's discovery letter **was several weeks late,**"......

[4] * See also page 15 last ¶, states:

"The Petitioner (Valentin) pled guilty during an April 4 plea hearing that he sought immediately following arraignment (and prior to the time that any discovery was due under **our Local Rules).**"

[5] * See again page 16, ¶ 2, states:

"Because of the speed with which the (Valentin's) case went to plea, **the government neglected to provide automatic discovery until 2 weeks after the Rule 11 Hearing.**"

[6] * See ¶2 lines 7-8, states:

"Hence, the information that Petitioner (Valentin) was entitled to after arraignment was provided to the defense, **albeit slightly late,**"

[7] * See page 16, bottom foot-note states:

"No information was provided about CW-3 because CW-3 was not expected to be a trial witness."

Because Valentin believes that CW-3 was caught red handed committing perjury, when interviewed by the Government/Respondents and found also to be conducting criminal activity before, during & after this case proceedings, among other things. Hence, this discovery should have been handed over to Valentin and was not.

[8]          The Government/Respondents in Valentin
intentional suppression of evidence favorable to the accused (Valentin)
as admitted by the Government in pages 3, 15, 16, supra also
violated Valentin's Due Process as the evidence
is "material to guilt or punishment."

Conley v. United States, 415 F.3d 183, 188 (1st Cir.2005)(citing

Brady, 373 U.S. 87, 83 S.Ct. 1194). Valentin has shown that this

materiality prong of the Supreme Court's Brady, Giles & Giglio

inquiry has been met by Valentin and Valentin shown that:

"there is a reasonable probability that, had the evidence been
disclosed within the required 14 days of Valentin's arraignment &
as required under the Local Rules of the United States District
Court District of Massachusetts LCvR 116.1(A)(5) 1990 & LCvR 42(a)(5)
1986, Valentin may have not plead guilty but may have elected to
go to a jury trial"

[9] The Government/Respondents committed egregious misconduct by failing

to  & omitting core exculpatory material Brady, Giles & Giglio

evidence within the meaning of Brady, Giles & Giglio within 14 days

of Valentin's arraignment & handed some of the evidence over to

Valentin--after Valentin plead guilty was clearly reversible legal

error, was highly prejudicial, was not harmless error and prevented

Valentin from making the choice of whether to plead guilty or to

take this case to a jury trial requires this Court to take a second

look and facilitate a meaningful evidentiary hearing and an Order

of this Court to Order the Respondent's to comply with its automatic

obligation to hand over all exculpatory & impeachment material ev-

idence over to Valentin including CW 3's FBI FD 302's & 209's with

inserts, DEA 6's & DEA 7s, ATF reports & the Prosecutions notes are

also discoverable. Hence, the result of the Valentin's proceeding

would have been different, much more favorable to Valentin had the

Government/Respondent's complied. Turner v. United States, 137 S.Ct.

1885, 1893 (2017).

[10] **Government/Respondents stipulated that Valentin's
presented Grounds Two Ineffective Assistance of Counsel claims that
that the government failed to hand over all exculpatory & impeachment
evidence over to Valentin within 14 days of Valentin's arraignment
within the meaning of Brady, Giles & Giglio:**

As required under Fed.R.Crim.P. Rule 16, and the Local Rules of

the United States District Court District of Massachusetts **Rules**

**116.1(A)(5) 1990 & 42(a)(5) 1986.** Not only failed to do so but also

2 weeks after Valentin signed his plea-agreement & plead guilty with-

out a meaningful opportunity to review his discovery, so Valentin

could decide whether to plead guilty or elect to go to a jury trial,

was denied, which also denies due process.

[11]    **Government also stipulated that Valentin's
Counsel was ineffective for not holding the government to its
automatic obligation to hand over all exculpatory & impeachment
material evidence over to Valentin**

Which in-effect violated Valentin's **Rule 11 Plea** & Plea Hearing

depicted in Ground Three, which in turn violated Valentin's Ground

Four: Minor, In-between, & or Minimal Role Participation arguments

of  a 2, 3, & or 4 offense level reductions.

[12]     **Valentin has demonstrated Prejudice**

Because of his lawyer's ineffective assistance of counsel & the

Government's failure to comply with its automatic discovery obli-

gations.  See supra.

[13]     **And demonstrated because of the delay:**

That there exists a reasonable probability that the result of

the proceeding would have been different, had Valentin received

the belated discovery earlier in a timely manner, he could have

objected to it & or requested further discovery & documents proving

**CW1, CW2 & CW3,** was not credible, committed perjury & obstructed

the administration of justice by conducting criminal activity before,

4

during, and after Valentin's case, thus Valentin was prejudiced
which resulted in a due process violation.

### [14] The Government's suppression of evidence favorable to the accused (Valentin) also violates Due Process:

As the evidence is "material to guilt or punishment."Conley v. USA,
415 F.3d 183, 188 (1st Cir.2005) (citing Brady, 373 U.S. 87, 83
S.Ct. 1194) this materiality prong of the Brady/Giglio inquiry as
Petitioner: Valentin has shown that "there is a reasonable probability"
that, had the evidence been disclosed within 14 days of Valentin's
plea-agreement, the result of the proceedings would have been
different, much more favorable to the accused Valentin. Turner v.
USA, 137 S.Ct. 1885, 1893 (2017).

### [15] Valentin's Attorney: Sultan's failure to properly advise Valentin at his Rule 11 hearing

Was tainted because of the Government's failure to properly &
timely comply with its automatic obligation to hand over discovery
to Valentin prevented Valentin from making a logical decision to
Knowingly, Willfully & intelligently from making a logical decision
to plead guilty or go to a jury trial.

### [16] Valentin's counsel was ineffective for failing to argue at sentencing & on Direct Appeal for his-- Minor, In-between & or Minimal Role Participation Reduction

Of 2 levels, 3 levels & or for 4 levels--role participation reduct-
ion supports Valentin's Ground Four argument & is stipulated by
the Government via: in it's **"Response" page 19, ¶'s 4** in support.

5

[17]        Government once again stipulated that:

"Given all this attorney Sultan can hardly be faulted
for not seeking a mitigating role adjustment".

At-least, the Government did in-fact stipulate that Valentin's

Counsel was ineffective for not seeking a mitigating role adjustment.

See **Government's Response page 20, ¶2,** in support.

[18]        Government even supplys Valentin with
supportive case law:

USA v. Gallo-Lopez, 931 F.Supp. 196 (N.D.N.Y.1996)(Defense Counsel

was not ineffective in failing to argue for four-point role reduct-

ion, rather than for two-point reduction for his minor role parti-

cipation. In Valentin his counsel's failure to argue any mitigating

role reduction whether it was minor, in-between or minimal role

participation reduction, makes it highly prejudicial & not harmless

error, and a different circumstance than Gallo-Lopez,  case, in-fact

with that said Gallo-Lopez supports Valentin, because in Valentin

his counsel did not ask for any mitigating role adjustiment concern-

ing supra. See **Government's Response Page 20,** last ¶'s in support.

Thus, Valentin was **prejudiced** & it was not harmless error. Addit-

itionally how would the government state with a straight face that

had Valentin's counsel seeked a Mitigating Role Adjustment downward

departure the Judge would have denied it is ludicrous that the gover-

nment could tell this court what it would do & or anybody else.

This false assertion is clearly & concededly not plausible as the

government's suggests that we believe that they are clairvoyant.

[19]      Lastly the Government Constructively Amended
Valentin's Indictment

With categorizing Valentin as a 18 U.S.C.§924(c) Defendant by stating

in the Government's very own "Sentencing Memorandum" **Document: 70,**

**pages 12, 14, & 15,** stating that the guns were meant for violence,

6

And or would be used in violent acts & drug dealing. The Court in error also committed reversible legal error by adopting and or taking into consideration Government's "Sentencing Memorandum" Document: 70, pages 12, 14, & 15. See Valentin's Sentencing Document: 76, pages 11, 21, & 26, in support. Which are not sentencing factors but core "element of a crime", as the Supreme Court has repeatedly stated:

[20]              Memorandum of Law In Support
              In Support of Valentin's Ground One

Government unlawfully constructively amended Valentin's Indictment without due process of law. Because Valentin's conviction resulted from a guilty plea, the following facts are taken largely from Valentin's Sentencing Transcripts Document: 76, pages 11, 21, & 26, and the Government's Sentencing Memorandum Document: 70, pages 12, 14, & 15. And its transcripts as well as Valentin's PSR, unless other-wise noted. See USA v. Connell, 960 F.2d 191, 192-93 (1st Cir.1992); USA v. Garcia, 954 F.2d 12, 14 (1st Cir.1992). Valentin's Counsel's failure to object and appeal supra, Government's Constructive Amend-ment to Valentin's indictment deeming & attributing Valentin a 924(c) charge as a "sentencing factor" are actually "elements of a crime" which should have been first presented in Valentin's indictment & second found proven beyond a reasonable doubt by a jury, judge, government & or probation Dep't and was not. Thus in violations of the indictment & notice clauses of the 5th & 6th Amendment's & supreme Court's Stirone case and as follows:

[21]     Apprendi v. New Jersey, 530 U.S. 466, 67 CrL
              459 (2000) held:

Facts that makes big variance must be found by a Jury NOT a sentencing

judge. Substantive reasonableness is maximum sentence. The Sixth
Amendment claim is based in the rule announced in Apprendi v. New
Jersey, 530 U.S. 466, 67 CrL 459 (2000), and its progeny held that:

"Any fact that increases the statutory sentencing range must be
found by a jury beyond a reasonable doubt, NOT by a sentencing judge
using the preponderance of the evidence low standard."

[22]                    **Alleyne concluded that:**

"Any fact, by law, increases the penalty for a crime is an
"element" that must be submitted to the jury and found
beyond a reasonable doubt."

**Alleyne**, 133 S.Ct. 2155 (citations omitted). Supreme Court's
Alleyne decision is retroactive concerning Valentin's case. In **Alleyne
v. USA**, 133 S.Ct. at 2155 (2013), the Supreme Court discussed the
differences between the **"elements of a crime"** and a defendant's
"sentencing factors" holding that any fact which increases the manda-
tory minimum sentence for a crime is a core **"element of that crime"**
which must be submitted to a jury and found beyond a reasonable
doubt. 133 S.Ct. 2151 (2013).

[23]            **Alleyne decision directly and
explicitly over-rule Harris v. USA**, 536 U.S. 545 (2002);
and **McMillon v. Pennsylvania**, 477 U.S. 79 (1986) Rule of Law:

Alleyne now out-lawed the preponderance of the evidence low standard
of proof concerning **"elements of a crime"** must now be found proven
beyond a reasonable doubt, not by the mere preponderance of the evid-
ence low standard of proof. **Alleyne**, 133 S.Ct. at 2155, Id. **Alleyne**,
133 S.Ct. at 2160.

"and [w]hen a finding of fact alters the legally prescribed
punishment as to aggrate it, the fact necessary forms a constituent
part of a new offense & must be submitted to the jury, **NOT** sentencing
judge and found beyond a reasonable doubt." Id. at 2162.

[24] **Valentin's** 6th Amendment Right to have a jury. judge, govern-
ment & or probation Dep't to find beyond a reasonable doubt the essent-
ial **elements** were denied specifically concerning his enhancements & or

"Constructive Amendment of Valentin's Indictment" was **not** first
presented in Valentin's indictment & second **not** found proven beyond
a reasonable doubt by a jury, judge, government & or probation Dep't,
are **not** sentencing factors but core **"elements of a crime"** thus, the
District Court & Government committed reversible legal error, that
was **not** harmless & was highly prejudicial in violations of the 5th &
6th Amendments Indictment & Notice Clauses & Due Process as well as
Valentin's--right to have effective assistance of counsel. See **O'Brien**,
130 S.Ct. at 2174 (2009). The Supreme Court affirmed the First Cicuit
Court of Appeals logic and explained in **O'Brien**,

The **"elements of a crime"** must be first presented in or
charged in (Valentin's) indictment and proved to a jury "beyond a
reasonable doubt."

**O'Brien**, 130 S.Ct. at 2174, (citing **Hamling v. USA**, 418 U.S. 87, 117,
94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) & **Jones v. USA**, 526 U.S. 227,
232, 119 S.Ct. 1215, 143 L.Ed.2d 311 1999)).

[25]        **Jones v. USA, 526 U.S. 227 (1999)**

The Supreme Court categorized separate offense must be deemed **"elements
of a crime"** and is **NOT** a sentencing factors, must be first charged
in Valentin's indictment and found proven beyond a reasonable doubt
by Valentin's jury, judge, government & or probation Dep't and **was
not.**

[26]    **Apprendi v. New Jersey, 530 U.S. 466 (2000)**

The Supreme Court held, what **Jones**, noted in 1999, under the
6th Amendment, any fact or act (other than prior convictions) that
expose a sentence in excess of the relevant statutory maximum must
be found by a jury, not judge and establish beyond a reasonable doubt,
not merely by a preponderance of the evidence. **Apprendi**, at 490.
See also **Cunningham v. California**, 549 U.S. 270 (2007).

9

[27]          **Ring v. Arizona, 536 U.S. 584 (2002):**

The Supreme Court stated:

"If a state makes an increase in a defendant's (Valentin's) authorized punishment contingent on the finding of a fact, that fact no matter how the state labels it, must be found by a jury beyond a reasonable doubt...a defendant (Valentin) may **not** be expose[d]...to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the jury verdict alone."

**Ring,** at 602. Justice Scalia & Justice Thomas concurred with Justice

Ginsburg, stated in relevant part that:

"I believe the fundamental meaning of the jury trial guarantee of the Sixth Amendment is "that all facts essential to imposition of the level of punishment that the Defendant (Valentin) receives whether the statute calls them **elements of a crime** or sentencing factors, or Mary Jane must be found by the Jury, beyond a reasonable doubt."

**Ring, at 610.**

[28]     **Blakely v. Washington, 542 U.S. 296 (2004):**

Justice Scalia expounded on the above and distinguished with clarity,

however that the statutory maximum for **Apprendi** purposes is the

maximum sentence a judge may impose soley on the basis of the facts

reflected in the jury verdict or admitted by the defendant.

[29]   **United States v. Booker, 543 U.S. 220 (2005):**

The Supreme Court affirmed its holding in **Apprendi,** stating:

"Any fact (other than prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict, must be admitted by the defendant or, proved beyond a reasonable doubt."

**Booker, 543 U.S. 224.**

[30]   **Cunningham v. California, 549 U.S. 270 (2007):**

The Supreme Court has repeatedly held that under the Sixth Amendment Any fact that exposes a defendant (Valentin) to a greater potential sentence, must be found by a jury, NOT judge and established beyond a reasonable doubt, not merely by a preponderance of the evidence."
**Cunningham, at 863.**

[31]   Sullivan v. Louisiana, 508 U.S. 275, 133 S.Ct.
2068, 124 L.Ed.2d 182 (1993) & In re Winship, 397 U.S. 358,
363, 90 S.Ct. 1068, 25 L.Ed.2d 386 (1970) Held:

The pleading requirement which held "the indictment must contain

an allegation of every fact which is legally essential to punishment

to be inflicted." USA v. Reese, 92 U.S. 214, 231-33, 23 L.Ed.2d

565 (1875).

[32]   Hope v. Commonwealth, 50 Mass 134, 9 Metc
134 (1845):

The Supreme Court Justice Thomas, detailing practices of American

Courts from the 1840's onward the Defendant was indicted for (and

convicted of) larceny, the larceny statute established two levels

of sentencing based on whether the value of the stolen property

exceeded $100.00. Because punishment varied with the value, the state

high Court found that value was an **element of the defense** & should

have been first stated in (Valentin's) indictment. See (18 U.S.C.

§924(c) government's constructive amendment to Valentin's indictment).

Id at 137.

[33]   Ritchey v. State, 7 Blackf, 168, 169
(Ind. 1844):

Numerous other contemporaneous Courts decisions reflected this same
understanding, (holding that indictment for Arson must allege value
of property destroyed because statute set punishment based on value).

[34]   United States v. Fisher, 25 F.Cas.
1086 (CC Ohio 1849)

(Mclean, J.) ("A carrier of the mail is subject to higher penalty

where he steals a letter out of the mail, which contains an article

of value. And when this offense is committed, the indictment must

allege the letter contained an article of value, which aggravates

the offense and incurs a higher penalty"). A number of contemperan-

eous treaties similarly took the view that "a fact that increased

punishment must be charged in the indictment." As seen in Valentin
supra. As one 19th Century commentator explained: "Where a statute
annexes a higher degree of punishment to a common law felony, if
committed under particular circumstances, & indictment for the off-
ense in order to bring the defendant (Valentin) within that higher
degree of punishment must expressly charge it to have been committed
under those circumstanced in the indictment [133 S.Ct. 2160], with
certainty and precision." [Hale Please of the crown *170] Archbold,
51 (15th Ed. 1862).

[35] USA v. Pleasant, U.S. Dist. Ct. E.D.VA/Richmond, 125 F.Supp.
2d 173, 2000 U.S. Dist. LEXIS 18966, criminal #00-cr-71, decided
Dec. 18, 2000; USA v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994).
The Fourth Circuit stating enbanc changed course & held that changes
of that sort constituted a "Constructive Amendment to (Valentin's)
Indictment." According to the 4th Circuit, the District Courts mis-
instruction in Floresca resulted in an amendment to the indictment.
Id. at 710. As seen in Valentin, supra.

[36] See also Ninth Circuit vacates conviction based on "Constr-
uctive Amendment of Indictment," in USA v. Ricky Davis, #15-10402.
May 2017 (9thCir. 2017).

[37] USA v. Khalil, #15-3819-cr (2nd Cir. May 16, 2017) The District
Court constructively amended the indictment is unconstitutional, as
seen in Valentin, supra.

[38] According to Mathis v. USA, #15-6092 (S.Ct.) decided June 23,
2016 held: "That elements of a crime which must be proved beyond a
reasonable doubt to sustain a conviction." Hence, the government

12

constructively amended Valentin's indictment using a 924(c)
categorization that are core "elements of a crime," were not
presented in Valentin's indictment & not found proven beyond a
reasonable doubt by a jury, Judge, government &/or U.S. Probation
Office are <u>not</u> "Sentencing Factors" but core "Elements of a Crime,"
thus, the Court committed reversible legal error, that was not
harmless, was highly prejudicial in violations of the 5th & 6th
Amendments Indictment & Notice clauses & Due Process, as well as
the Sixth Amendment's Jury Trial Right to have effective assistance
of counsel, and requires a second look.

     Valentin's indictment does not comport with the basic Due
Process requirements [of] notice of the time, place, and essential
elements of the crime that the government constructively amended
Valentin's indictment with a 18 U.S.C. §924 (c) charge, see govern-
ment's sentencing memorandum Document 76, pages 11, 21, & 26 in
support  See Bonilla v. Lee, 35 F.Supp.3d 551, 579 (S.D.NY 2014).

     Under Rule 7, an indictment must provide "A plain, concise,
and definite written statement of the essential facts constituting
the offense 924(c) charged in government's sentencing memorandum,
Document:76, pages 11, 21, & 26.  Fed.R.Crim.P. Rule 7(c)(1)
Government's failure to notify Valentin of the 924(c) charge, its
nature of the accusation against him to apprise him of the facts
alleged.  See Russell v. USA, 369 U.S. 749, 765 (1962); USA v. Serino,
835 F.2d 924, 929 (1st Cir. 987)(quoting Hamling v. USA, 418 U.S.
87, 117 (1974)).

[39]          **Grounds One, Two, Three & Four**
         **Discovery violations are inextriculably**
         **articulably intertwined with each other.**

The government's violated statutory Fed.R.Crim.P. Rule 16, Rule 12,

Fed.R.Crim.P. 16(b)(1)(c), Fed.R.Crim.P. Rule 16(d)(1)(c); 16(a),

16(a)(1)(b); Fed.R.Evid.Rules 702, 703 & 705; Fed.R.Crim.P. Rule

12(b)(4) within the meaning of Brady, Giles, & Giglio, the govern-

ment had 14 days to hand over all of the above specifically described

supra evidence within 14 days of Valentin's arraignment which is ex-

culpatory & impeachment evidence over to Valentin, as required also

under Local Rules of the U.S. D.Ct. D.Mass/Boston via: LCR 116.1 (A)(5)

(1990), 42(a)(5) 1986, & failed to do so concerning Valentin. See

USA v. Richmond 153 FRD 7 (D.Mass.1994); Ferrara v. USA, U.S. Court of

Appeals for the First Circuit, 459 F.3d 278, 2007 U.S. App. LEXIS

20539,#05-1736, #05-1830, #05-1874 8/10/2006, page 4.

        Valentin has established a claim (Grounds 1, 2, 3 & 4) of

ineffective assistance of counsel, & has shown that "his counsel made

errors so serious that his counsel was not functioning as the 'counsel'

guaranteed the defendant (Valentin) by the Sixth Amendment.  Strickland

v. Washington, 466 U.S. 668, 687 (1984).  "The essence of an ineffective

assistance claim is that counsel's unprofessional errors so upset the

adversarial balance between defense & prosecution that the trial was

rendered unfair & the verdict rendered suspect."  USA v. De La Cruz,

514 F.3d 121, 140 (1st Cir.2008). (internal citations omitted).

Valentin has proven two elements to his ineffective assistance of

counsel claim: (1) That his counsel's performance was deficient; and

(2) Resulting in prejudice; Peralta v. USA, 597 F.3d 74, 79

(1st Cir.2010) (citing Strickland, 466 U.S. at 687).

[40]                          Conclusion

WHEREFORE, for all of the above specifically stated reasons
Petitioner: Valentin most respectfully requests the following
relief from this Honorable Court:

**Deny**, Government/Respondent's Motion to Dismiss;

**Deem**, Valentin's counsel as ineffective;

**Deem**, the Government unlawfully "Constructively Amended Valentin's
indictment by categorizing Valentin as a 924(c) charge according to
Government's Sentencing Memorandum Document: 76, pages 11, 21, & 26
and this Court's Sentencing of Valentin, Document: 70, pages 11, 21,
and 26;

**Deem**, Valentin's counsel as ineffective for failing to argue mit-
igating factors minor or minimal role participation reductions;

**Order**, Valentin's Ground One be placed in abeyance until the
Supreme Court decides Davis concerning application of Johnson I,
Johnson II, & DiMaya, deeming 924(c) as unconstitutionally vague;

**Deem**, Government's/this Court's Rule 11 Plea as invalid because
Valentin had not been afforded to review his discovery to decide
whether to plead guilty &/or elect to go to trial;

**Order**, as an alternative, a new plea agreement under Fed.R.Crim.P.
Rule 11-C-1-C plea to time served, and a 1 year supervised release.


The above requests is to further the administration of Justice.

Signed under 28 U.S.C. §1746 under
penalties of perjury the above & the
following to be true, correct, & complete. Pro-se.

Respectfully Submitted By
Petitioner/Affiant:

Eric Valentin
00731-138
FCI Fort Dix
P.O. Box 2000
Joint Base MDL
Fort Dix, New Jersey
08640

Certificate of Service

I, Petitioner: Valentin, hereby certify that this Reply Motion
was sent via United States Mail/Postage Prepaid on this 28th day of
January, 2019, to the following:

Clerk of Courts
Suite 2300
U.S. District Court
U.S. Courthouse
One Courthouse Way
Boston, MA
02210

AUSA's: Wortman & Mallard
USAO/D.Mass
Boston
Suite 9200, 9th Floor
One Courthouse Way
Boston, MA
02210

Eric Valentin

16