UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CRIMINAL NO. 18-10041-RWZ


ERIC VALENTIN

v.

UNITED STATES OF AMERICA


MEMORANDUM & ORDER

November 26, 2019


On April 4, 2018, Eric Valentin ("petitioner") pled guilty to one count of conspiracy to deal in firearms without a license ("Count I"), 18 U.S.C. § 371, and one count of dealing in firearms without a license ("Count II"), 18 U.S.C. § 922(a)(1)(A).  He was sentenced on June 21, 2018, to 36 months' imprisonment to be followed by 36 months of supervised release.  Petitioner moves pro se to vacate his conviction on ineffective assistance of counsel grounds.

I.     **Discussion**

A.  **Johnson v. United States and Sessions v. Dimaya**

Petitioner first asserts that his counsel failed to raise arguments under Johnson v. United States, 135 S. Ct. 2551 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). However, those decisions dealt with the residual clauses of the Armed Career Criminal Act and the Immigration and Nationality Act, respectively.  Neither statute was involved in petitioner's prosecution or is relevant to his case.

## B. Discovery Regarding Cooperating Witnesses

Next, petitioner argues that his attorney failed to hold the government to its automatic discovery obligations and that the government belatedly disclosed information regarding assistance provided to two cooperating witnesses—"CW-1" and "CW-2." However, two weeks before petitioner was even indicted, the government filed a Complaint and a Complaint Affidavit, which explicitly disclosed the immigration and financial benefits provided to CW-1 and CW-2. See Docket # 2-1 at 3, n.2 ("CW-1 is in the United States illegally … CW-1 is cooperating with law enforcement in the hopes of obtaining assistance on immigration issues and his/her pending cases."); id. at 4, n.3 ("CW-2 is an individual who is cooperating with the ATF for money.").

The government concedes that after petitioner's guilty plea it sent petitioner's counsel a discovery letter, in which it provided some supplemental information. But the most salient facts—that both cooperators expected or had already received certain specific benefits— had been disclosed to petitioner prior to the letter. And aside from petitioner's own conclusory assertion, there is no indication that the additional information would have affected his decision to plead guilty. In fact, faced with overwhelming evidence including audio and video recordings of the charged crimes, defendant agreed to plead guilty even *before* any automatic discovery was due. See Docket # 25; see also United States v. Sepulveda, 15 F.3d 1161, 1179 (1st Cir. 1993) ("delayed disclosure claims cannot succeed unless the aggrieved defendant demonstrates prejudice arising from the delay."); United States v. Kifwa, 868 F.3d 55, 60 (1st Cir. 2017).

### C. Maximum and Minimum Penalties

Petitioner next claims that he was misadvised of the maximum and mandatory minimum penalties. Yet the record reflects that defendant was informed of the maximum terms of imprisonment and supervised release, as well as the potential fines, under Counts I and II in open court on several occasions, including during the Rule 11 hearing on April 4, 2018. Docket # 37; <u>see also</u> Docket ## 11, 23. There were no mandatory minima to be disclosed because none applied in this case.

### D. Sentencing Guidelines Calculation

Lastly, petitioner faults his counsel for failing to seek a mitigating role adjustment under the sentencing guidelines. <u>See</u> U.S.S.G. §3B1.2. But the court determined at sentencing that a two-point *upward* adjustment for petitioner's central role was warranted. <u>Id.</u> §3B1.1(c). Any argument for a *downward* adjustment for his minor or minimal participation would have been flatly rejected.[1]

The record plainly belies any suggestion of counsel's deficiency at sentencing. Petitioner's counsel raised several reasonable objections to the presentence report, filed a comprehensive sentencing memorandum, and zealously advocated on petitioner's behalf. As a result, petitioner received a 36-month sentence: a significant downward variance from his guidelines range of 70-87 months.

---

[1]    Furthermore, even if the *maximum* possible mitigating role reduction of 4 points were applied, U.S.S.G. §3B1.2(a), petitioner's resulting guidelines range would have been 46-57 months—the lower end of which is higher than the sentence imposed.

## II.    Conclusion

The petition (Docket # 103) is DENIED.  Because petitioner has not "made a substantial showing of the denial of a constitutional right." I also decline to grant a certificate of appealability.  28 U.S.C. § 2253(c)(2).

<table>
<tr><td>__11/26/2019__<br>DATE</td><td>__/s/ Rya W. Zobel__<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE</td></tr>
</table>